FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

SEP 28    9:54

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **JOHNSEY and CHAPIN,**<br>    Plaintiffs,<br><br>vs.<br><br>**BUCCANEER HOMES OF**<br>**ALABAMA, INC., et al.,**<br><br>    Defendants. | ]<br>]<br>]<br>]<br>]<br>] CV-00-N-0424-W<br>]<br>]<br>]<br>]<br>] |

ENTERED

SEP 2 8 2000

### Memorandum of Decision

The Court has for consideration the motion of defendant Buccaneer Homes of Alabama, Inc., to dismiss and compel arbitration, filed March 16, 2000[1] (Doc. 6). The issues have been briefed by both parties, and the matter is now ripe for decision.

Plaintiff contends that the arbitration agreement is unenforceable under the Magnuson-Moss Act for four reasons. Three of the plaintiff's reasons are that "[t]he Magnuson-Moss Act precludes warrantors from enforcing a binding arbitration clause in disputes concerning a written warranty," "the arbitration agreement Buccaneer seeks to invoke is unenforceable because the clause has provisions that defeat the remedial purpose of the Magnuson-Moss Act," and "the arbitration agreement Buccaneer seeks to invoke . . . calls for binding arbitration rather than non-binding dispute resolution mechanisms contemplated by the Magnuson-Moss Act." (Pl.'s Req. for Decl. Relief and Resp. to Def.'s M. to Dismiss and Compel Arbitration at 1-2.). The Court finds no merit in the above

---

[1] The court mistakenly mooted this motion and apologizes to the parties for the delay in ruling on the motion.



arguments. This Court agrees with a recent decision of the Supreme Court of Alabama holding that "the Magnuson-Moss Act does not invalidate [binding] arbitration provisions in a written warranty," which was based on a dissent written by Justice See. *See Southern Energy v. Ard*, No. 1971998, 2000 WL 709500, at *4 (Ala. June 2, 2000); *see also Southern Energy v. Lee*, 732 So. 2d 994, 1004-13 (Ala. 1999) (See, J., dissenting) (discussing, in length, the specific reasons why the Magnuson-Moss Act allows for arbitration). The Eleventh Circuit recently affirmed a decision, however, that contradicted the holding in *Ard*. In *Wilson v. Waverlee Homes, Inc.*, 854 F. Supp. 1530 (1997), the district court held that "[b]ecause the arbitration clause contained in the installment sales and financing contracts between plaintiffs and [mobile home dealer] are binding, rather than non-binding, and are thus a bar to court relief, they conflict with the Magnuson Moss Act and are unenforceable." *Waverlee*, 954 F. Supp. 1537-38. The Eleventh Circuit affirmed the Waverlee case without an opinion. *See Wilson v. Waverlee Homes, Inc.*, 127 F.3d 40 (11th Cir. 1997). As Justice See points out in his dissent in *Lee*, an affirmation without an opinion is not binding precedent. *See Lee*, 732 So. 2d at 1004 (*citing DeShong v. Seaboard Coast Line R.R.*, 737 F.2d 1520, 1523-23 (11th Cir. 1984) (stating that the mere affirmance of the result of a district court opinion "cannot be viewed as binding precedent")).

Having reviewed the opinions from the Middle District of Alabama and from the Alabama Supreme Court, this Court is inclined to agree with Justice See in his majority opinion in *Ard* his dissenting opinion in *Lee* as the better reasoned cases.[2]

---

[2] It has been said, and the courts agrees, the "better reasoned" opinion is often the one that is consistent with the reviewer's own opinion.

2

Plaintiff's final reason for opposing arbitration, that "the agreement violates the specific provision of the Magnuson-Moss Act requiring that all warranty information be disclosed in a single document," carries more merit. (Pl.'s Req. for Decl. Relief and Resp. to Def.'s M. to Dismiss and Compel Arbitration at 2.). Specifically, the plaintiff argues that a federal regulation and statute require that the arbitration clause be in the written warranty. In this case, the arbitration clause is in a separate agreement entitled "Acknowledgment and Agreement;" the arbitration clause is not in the written warranty. The regulation, 16 CFR § 701.3, which is part of the "rules, regulations, statements and interpretations under the Magnuson-Moss Warranty Act," states that "a written warranty [for] a consumer product *shall clearly and conspicuously disclose in a single document* . . . information respecting *the availability of any informal dispute settlement mechanism* elected by the warrantor in compliance with Part 703 of this subchapter." 16 CFR § 701.3(a), (a)(6) (emphasis added). In addition, according to 15 USC § 2310:

> One or more warrantors may establish an informal dispute settlement procedure. *If* (A) a warrantor establishes such a procedure, (B) such procedure, and its implementation, meets the requirements of such rules, and (C) *he incorporates in a written warranty a requirement that the consumer resort to such procedures before pursuing any legal remedy under this section respecting such warranty, then (i) the consumer may not commence a civil action . . . unless he initially resorts to such procedure . . . .*

15 USC § 2310(a)(3)(2000) (emphasis added). The question becomes must the arbitration clause be included in the written warranty for the arbitration clause to be enforceable, and if so, what results if the arbitration clause is not included in the warranty?

To answer the question, the Court is left with three options: compel arbitration for all claims, compel arbitration for none of the claims, or compel arbitration for some claims.

Denying defendant's motion to compel arbitration completely is not a valid option. Even if the written warranty claims cannot be arbitrated because the arbitration clause must be included in the warranty, all other claims of the plaintiff must be arbitrated. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158 (1985) (finding that the Federal Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even if the result would be possibly inefficient maintenance of separate proceedings in different forums). The Court cannot require plaintiff to arbitrate all claims because the Magnuson-Moss Act dictates that in order to arbitrate written warranty claims, the arbitration clause be included in the written warranty. *See* 15 USC § 2310(a)(3) (2000). If the arbitration clause is not in the written warranty, the consumer can seek a remedy in court. *See id.* Therefore, the court is left with one option: compel arbitration of some of the claims, namely those claims not based on the written warranty.

For the above reasons, the Court **grants defendant's motion to compel arbitration and dismiss in part**, but only for plaintiffs' claims other than those arising from the written warranty.

Because the arbitration may well facilitate resolution of the entire matter, the Court will stay all claims under the Magnuson-Moss act and administratively close the action pending the results of arbitration.

4

Done, this __27th__ day of September, 2000.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE